BERNICE E. PETERSON AND EDWARD A. PETERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Peterson v. Commissioner
Docket No. 8683-80
United States Tax Court
T.C. Memo 1981-599; 1981 Tax Ct. Memo LEXIS 133; 42 T.C.M. (CCH) 1437; T.C.M. (RIA) 81599; October 19, 1981. *133 Bernice E. Peterson, pro se. William S. Miller, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined deficiencies in petitioners' income taxes, plus additions to tax under section 6653(a) [1] for negligence or intentional disregard of rules or regulations as follows: Section 6653(a)
Year
Deficiency
Addition to Tax
1976
$ 1,472
$ 74
1977
13,015
651
1978
3,385
169
The issues remaining for decision are: (1) whether petitioners are entitled to itemized deductions in excess of the amount agreed to by respondent; (2) whether petitioners are entitled to rental expenses (including depreciation) in excess of the amounts agreed to by respondent; and (3) whether petitioners are liable for the additions to tax under section 6653(a) for negligence or intentional disregard of rules or regulations. Some of the facts have been stipulated and are found accordingly. Bernice E. and Edward A. Peterson, husband and wife, resided in Gladstone, Oregon, when they filed their petition. The parties *134 have agreed on certain itemized deductions and certain rental expenses in their stipulation. Petitioners introduced no evidence on the remaining controverted deductions and expenses at trial. Instead petitioners choose to rely on numerous constitutional and statutory arguments, all of which are frivolous. All such contentions have been fully considered by this and other courts, and decided adversely to the taxpayers. See, e.g., the cases cited in ; ; . We see no reason to reiterate the well-established principles of these cases. Since petitioners have the burden of proof on the substantiation issues of the deductibility of the claimed itemized deductions and rental expenses, ; Rule 142(a), Tex Court Rules of Practice and Procedure, and since they introduced no evidence at trial, they have failed to carry their burden of proof. The last issue is whether petitioners are liable for the additions to tax under section 6653(a) *135 for negligence or intentional disregard of rules or regulations. Here again, petitioners bear the burden of proof. . None of petitioners' arguments relieve them of liability for these additions to tax. See . To reflect allowances agreed to by respondent, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩